Regina M. KEADY, as Executrix of the Estate of Michael P. Keady, Plaintiff–Appellant,

v.

JP MORGAN CHASE & CO., Defendant–Appellee.

No. 08–1521–cv.

United States Court of Appeals, Second Circuit.

May 8, 2009.

Steven I. Adler, Cole, Schotz, Meisel, Forman & Leonard, P.A., Hackensack, NJ, for Plaintiff–Appellant.

Joshua M. Rubins, (James J. Coster and Alun W. Griffiths, on the brief), Satterlee Stephens Burke & Burke LLP, New York, NY, for Defendant–Appellee.

Present: ROSEMARY S. POOLER, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Regina M. Keady ("plaintiff"), on behalf of the estate of Michael P. Keady ("Keady"), appeals from a judgment of the district court, entered on March 5, 2008, 2008 WL 638444, granting summary judgment in favor of defendant-appellee JP Morgan Chase & Co. ("Chase"), on the ground that Keady violated a release agreement entered with Chase upon his termination, and as a result, lost the right to a severance payment of $375,000 otherwise owed under the agreement. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

The release agreement prohibited Keady from initiating a lawsuit that included claims "arising from or related to [his] employment relationship with [Chase] and/or the termination thereof from the beginning of the world up to and including the date of execution of this release." Keady and other former shareholders of Plexus Group, Inc. ("Plexus"), a consulting firm purchased by Chase in 2002, filed a complaint against Chase in 2006 for breach of contract and breach of the covenant of

good faith and fair dealing ("the Plexus complaint"). The Plexus complaint claimed that Chase breached a Stock Purchase Agreement ("SPA") whereby it agreed to continue making payments to the former shareholders as long as Plexus met certain revenue targets. More specifically, Chase breached the SPA by failing to make required capital expenditures and by mismanaging Plexus. This mismanagement included termination of key employees such as Keady. Consequently, Plexus did not meet revenue targets, and Chase either avoided making payments under the SPA or paid less than it would have done but for its misconduct. The Plexus Complaint alleged that Chase's misconduct "precluded [the Plexus] plaintiffs from realizing the full amount of their Subsequent and Incentive Payments [under the SPA], as well as the maximum amount of their expected bonuses."

A release "must be construed in accordance with the intent of the parties who executed it," and will be given effect only if it "contains an explicit, unequivocal statement of a present promise to release [a party] from liability." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 515 (2d Cir. 2001) (quotation marks omitted) (alteration in original). The release does not cover the claims in the Plexus complaint to the extent they relate to Chase's alleged breach of the SPA. However, Plaintiff does not appear to make the argument that claims related to breach of the SPA were not covered by the release. Even assuming the argument was made, the Plexus complaint includes a claim for bonus income that is covered by the release agreement. The agreement specifies that Keady releases Chase of any contract claim "for bonus or incentive compensation, including any such claim for performance years 2003 and 2004." The Plexus complaint claims that, due to Chase's un-

lawful conduct, "some or all of the Plaintiffs were deprived of expected year end discretionary bonuses for calendar years 2002 through 2007.... Those bonuses were unrelated to the Subsequent and Incentive Payments [in the SPA], which were to compensate Plaintiffs for sale of their Plexus stock." Similarly, the Plexus complaint alleges that Chase's misconduct "precluded [the Plexus] plaintiffs from realizing ... the maximum amount of their expected bonuses." Keady was barred from pursuing any claim for lost bonus income, but the Plexus complaint encompasses such a claim. We therefore find that the claim for lost bonus income falls within the terms of the release agreement. Plaintiff's other arguments are without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court. Chase's motion to strike improper material from plaintiff's reply brief is **DENIED** as moot.